UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY K. GRIFFIN, | CASE NO.: C06-0412-MJP |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| KENNETH QUINN, | |
| Respondent. | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently incarcerated at the Monroe Correctional Complex, Twin Rivers Unit, in Monroe, Washington. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to seek relief from his 1991 King County judgment of conviction. Respondent has filed a motion to dismiss in which he argues that the petition is successive. Based upon a review of the parties' submissions, the Court concludes, for the reasons set forth below, that the petition is successive and should be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).

### PROCEDURAL HISTORY

On July 10, 1991, petitioner pleaded guilty in King County Superior Court to one count

REPORT AND RECOMMENDATION
PAGE -1

01 of first degree rape. (Dkt. No. 7, Ex. 1.) Petitioner was thereafter sentenced to an exceptional

02 term of 360 months confinement. (*Id.*) Petitioner appealed his exceptional sentence to the

03 Washington Court of Appeals. (*See* Dkt. No. 7, Exs. 2 and 3.) On July 26, 1993, the Court of

04 Appeals affirmed petitioner's sentence. (*Id.*, Ex. 5.) Petitioner moved for reconsideration of the

05 Court of Appeals' decision affirming his exceptional sentence above the standard range, but that

06 motion was denied. (*Id.*, Exs. 6 and 8.) Petitioner next sought review in the Washington Supreme

07 Court. (*Id.*, Ex. 9.) On April 7, 1994, the Supreme Court issued an order denying petitioner's

08 petition for review without comment. (*Id.*, Ex. 10.) The Court of Appeals issued its mandate

09 terminating direct review on May 6, 1994. (*Id.*, Ex. 11.)

10       On September 2, 1999, petitioner filed a personal restraint petition in the Washington

11 Court of Appeals in which he once again sought to challenge his sentence. (*Id.*, Ex. 12.) On

12 October 18, 1999, the Court of Appeals issued an order dismissing petitioner's personal restraint

13 petition on the grounds that the petition was time-barred under RCW 10.73.090. (*Id.*, Ex. 13.)

14 The Court of Appeals issued a certificate of finality in those proceedings on March 23, 2000. (*Id.*,

15 Ex.. 14.)

16       On November 2, 2000, petitioner filed a second personal restraint petition in the

17 Washington Court of Appeals and, once again, petitioner sought to challenge his exceptional

18 sentence. (*Id.*, Ex. 15.) On December 12, 2000, the Court of Appeals issued an order dismissing

19 petitioner's second petition as untimely under RCW 10.73.090, and as successive under RCW

20 10.73.140. (*Id.*, Ex. 16.) On May 29, 2001, the Court of Appeals issued a certificate of finality

21 in petitioner's second personal restraint proceedings. (*Id.*, Ex. 17.)

22       On May 21, 2001, petitioner filed a third personal restraint petition, this time in the

REPORT AND RECOMMENDATION
PAGE -2

01 Washington Supreme Court. (*Id.*, Ex. 18.) Petitioner argued in his third personal restraint

02 petition that his guilty plea was invalid because he was not informed that a term of community

03 placement was a direct consequence of his guilty plea. (*Id.*) On November 20, 2002, the Supreme

04 Court Commissioner issued a ruling dismissing petitioner's third personal restraint petition. (*Id.*,

05 Ex. 21.) The Supreme Court issued a certificate of finality in petitioner's third personal restraint

06 proceedings on January 6, 2003. (*Id.*, Ex. 22.)

07 On January 13, 2003, petitioner filed in this court a federal habeas petition under 28 U.S.C.

08 § 2254 in which he sought to challenge the validity of his guilty plea. (Dkt. No. 7, Ex. 29.) On

09 June 10, 2003, the Honorable Barbara Jacobs Rothstein, United States District Judge, dismissed

10 petitioner's federal habeas action, with prejudice, on the grounds that the petition was time-barred.

11 (*Id.*, Ex. 32.)

12 On September 28, 2004, petitioner filed a fourth personal restraint petition in the

13 Washington Court of Appeals in which he once again presented a challenge to his sentence, this

14 time under *Blakely v. Washington*, 542 U.S. 296 (2004). (*Id.*, Ex. 23.) The Court of Appeals

15 stayed consideration of petitioner's fourth personal restraint petition pending consideration by the

16 Washington Supreme Court of another case raising virtually the same issue. (*Id.*, Ex. 24.) On

17 October 19, 2005, the Court of Appeals issued an order lifting the stay and dismissing the petition.

18 (*Id.*, Ex. 25.) The Court of Appeals concluded that *Blakely* did not provide a basis for granting

19 petitioner relief because petitioner's conviction and sentence became final before *Blakely* was

20 decided, and because *Blakely* is not applied retroactively. (*Id.*)

21 Petitioner thereafter sought discretionary review by the Washington Supreme Court. (*Id.*,

22 Ex. 26.) The Supreme Court Commissioner issued a ruling denying review on January 26, 2006.

(*Id.*, Ex. 27.) The Court of Appeals issued a certificate of finality in petitioner's fourth personal restraint proceedings on April 25, 2006. (*Id.*, Ex. 28.)

On March 23, 2006, petitioner filed the instant federal habeas petition under 28 U.S.C. § 2254. (Dkt. No.1.) On May 30, 2006, respondent filed a motion to dismiss the petition under 28 U.S.C. § 2244(3)(A). (Dkt. No. 7.) Petitioner has filed a response to respondent's motion to dismiss. This matter is now ripe for review.

## DISCUSSION

Petitioner asserts three grounds for relief in his § 2254 petition, all of which are based on the U.S. Supreme Court's holding in *Blakely v. Washington*, *supra*. Respondent argues that the instant petition is second or successive and should be dismissed on that basis.

By statute, this court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Id.* at 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines

the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

Because petitioner has previously filed at least one other § 2254 petition in this Court which was dismissed with prejudice, the instant petition is a second or successive one. This Court is without jurisdiction to consider such a petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 should be considered successive and transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).[1] A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of July, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Although respondent argues that the instant petition should be dismissed instead of transferred to the Ninth Circuit, dismissal of a successive petition is reserved, by statute, for situations where the successive petition presents a claim that was previously presented. *See* 28 U.S.C. § 2244(b)(1). Here, respondent concedes that the instant claims were not presented in a previous petition.

REPORT AND RECOMMENDATION
PAGE -5